FILED

MAY 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JIMMY YAMADA; RUSSELL STEWART, | No. 12-17845 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00497-JMS-RLP |
| and | |
| A-1 A-LECTRICIAN, INC., | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| WILLIAM SNIPES, in his official capacity as chair and member of the Hawaii Campaign Spending Commission; TINA PEDRO GOMES, in her official capacity as vice chair and member of the Hawaii Campaign Spending Commission; and ELDON CHING, GREGORY SHODA and ADRIENNE YOSHIHARA, in their official capacities as members of the Hawaii Campaign Spending Commission, | |
| Defendants - Appellees. | |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 9, 2013
Honolulu, Hawaii

Before: KOZINSKI, FISHER and WATFORD, Circuit Judges.

Jimmy Yamada and Russell Stewart appeal the district court's order awarding them attorney's fees and costs under 42 U.S.C. § 1988. For the reasons stated here and in a concurrently filed opinion, we affirm in part and reverse in part.

**1.** The district court did not abuse its substantial discretion by adopting a 50 percent reduction to the "general tasks" entries in the plaintiffs' billing records, by reducing the award for travel time related to the preliminary injunction hearing or by failing to explain its chosen reductions. The district court found that although "the subject of campaign finance law is complicated," and that "this case presented difficult issues," the only issue on which plaintiffs prevailed "was certainly not complicated." It thus "made clear that it [had] considered the relationship between the amount of the fee awarded and the results obtained," taking into account the plaintiffs' (particularly A-1's) limited success in the action. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). *See also Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011)

("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.").

**2.** The district court did not abuse its discretion in setting reasonable hourly rates for attorneys Coleson, Gallant and Hochberg. Contrary to the plaintiffs' contentions, the district court did not merely rely on rates awarded in two dissimilar cases from the district of Hawaii, but instead noted its "familiarity with counsel's roles" and recognized the specialized area of First Amendment law in which the Bopp Law Firm practices. Based on the evidence in the record, the awarded rates adequately reflect "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

For the reasons stated here and in the contemporaneously filed opinion, the order of the district court awarding attorney's fees and costs to Yamada and Stewart is affirmed in part and reversed in part. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART**.